UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00085-WTL-MJD |
| ) | |
| LT. A. TIPTON, ) | |
| LT. A. CLEMONS, ) | |
| JAMES JOHNSON, ) | |
| ERIC FONSECA, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The complaint alleges that on June 18, 2017, defendant James Johnson instructed defendant A. Clemons to write a fictitious conduct report against Reaves because Reaves had previously filed a civil case against Johnson. On June 28, 2017, Johnson allegedly instructed A Tipton to run the disciplinary hearing and convict Reaves of the false allegations without any supporting evidence except the false testimony of Eric Fonseca. Tipton found Reaves guilty and sentenced him to segregation for 90 days and restricted certain privileges including telephone use, visitation, and commissary and law library access. Ultimately, the sanctions were dismissed, but not before Reaves spent 90 days in segregation. Reaves now seeks ninety thousand dollars in damages.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

### A. Retaliation Claim

First, Reaves alleges that the defendants' actions violated his First Amendment right to be free from retaliation. "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Although only notice pleading is required, it is helpful to understand that to prevail on a First Amendment retaliation claim a plaintiff must show: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants'

decision to take the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal citations omitted). Reaves alleges that his filing of a state court civil action against James Johnson was the motivating factor in the alleged retaliatory conduct and that the result of that conduct (90 days in segregation) would likely deter First Amendment activity in the future. *Black v. Lane,* 22 F.3d 1395, 1402 (7th Cir. 1994) (falsifying a disciplinary charge may give rise to a claim under § 1983 *if* the motive for the fabrication was to retaliate for the exercise of a constitutional right). Reaves' First Amendment retaliation claim shall proceed as submitted against all four defendants in their individual capacities.

**B. Due Process Claim**

Reaves alleges that he was denied due process when he was wrongly charged and convicted in his disciplinary action. But, the due process clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property. *See Marion v. Radtke*, 641 F.3d 874, 875 (7th Cir. 2011). In this case, Reaves was placed in disciplinary segregation for 90 days. "[A]n inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (*citing Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). A protected liberty interest arises only when the plaintiff's confinement in segregation "impose[s] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)). In order to determine if a plaintiff endured such a hardship, the court must look to "the combined import of the duration of the segregative confinement and the conditions endured." *Hardaway*, 734 F.3d at 743 (quoting *Marion*, 559 F.3d at 697–98). Reaves' time in segregation was insufficient to deprive him of a protected liberty interest. Ninety days in segregation—absent any atypical conditions related to confinement—does not violate the Fourteenth Amendment. *See Beamon v.*

*Pollard,* 711 F. App'x 794, 795 (7th Cir. 2018) (135 days in segregation—absent any atypical conditions related to confinement—does not violate the Fourteenth Amendment); *Hardaway*, 734 F.3d at, 745 (no liberty interest in avoiding 182 days' segregation); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (noting that 90 days' segregation was "still not so long as to work an atypical and significant hardship"). Accordingly, Reaves' Fourteenth Amendment due process claim is dismissed for failure to state a claim upon which relief may be granted.

The First Amendment retaliation claim is the only viable claim identified by the Court. All other claims have been dismissed.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants A. Tipton, A. Clemons, James Johnson and Eric Fonseca in the manner specified by Rule 4(d). Process shall consist of the complaint filed on February 27, 2018 (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is designated to serve the Indiana Department of Correction employees electronically.

**IT IS SO ORDERED.**

Date: 3/29/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN REAVES
161700
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to:

    A. Tipton
    A. Clemons
    James Johnson
    Eric Fonseca

    (All at Correctional Facility – 5124 Reformatory Road in Pendleton, Indiana)